# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE NO.** |
| | : | |
| v. | : | |
| | : | **VIOLATIONS:** |
| **ANTHONY MASTANDUNO** | : | 18 U.S.C. §§111(a)(1) and b |
| | : | (Forcibly assault, resist, oppose, impede, intimidate, or interfere with certain designated individuals) |
| **Defendant.** | : | 18 U.S.C. § 1752(a)(1) |
| | : | (Entering and Remaining in a Restricted Building or Grounds) |
| | : | 18 U.S.C. § 1752(a)(2) |
| | : | (Disorderly and Disruptive Conduct in a Restricted Building or Grounds) |
| | : | 18 U.S.C. § 1752(a)(4) |
| | : | (Physical violence against any person or property in any restricted building or grounds) |
| | : | 40 U.S.C. § 5104(e)(2)(D) |
| | : | (Utter Loud, Threatening, or Abusive Language, or Engage in Disorderly or Disruptive Conduct, at any Place in the Grounds or in any of the Capitol Building) |
| | : | 40 U.S.C. § 5104(e)(2)(F) |
| | : | (Physical violence in the Grounds or any of the Capitol Buildings) |
| | : | 40 U.S.C. § 5104(e)(2)(G) |
| | : | (Parade, Demonstrate, or Picket in any of the Capitol Buildings) |
| | : | 18 U.S.C. § 231(a)(3) |
| | : | (Obstruct, impede, or interfere with any fireman or law enforcement officer) |

## MOTION TO SEAL AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed, the Affidavit in Support of Criminal Complaint, Criminal Complaint, and Arrest Warrant in the above-captioned matter, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion. In support thereof, the government states as follows:

1. The United States is investigating allegations that Anthony Mastanduno willfully and knowingly entered the United States Capitol grounds on January 6, 2021 without legal authority, and participated in violent and disorderly conduct in violation of 18 U.S.C. §§111(a)(1) and b, 18 U.S.C. §§ 1752(a)(1), (2) and (4), 40 U.S.C. §§ 5104(e)(2)(D), (F), and (G), and 18 U.S.C. § 231(a)(3).The public disclosure of the Criminal Complaint before the defendant is

arrested could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the defendant, and may lead to the destruction of evidence. Thus, a sealing order is necessary to avoid seriously jeopardizing the ongoing investigation of this matter.

2.      As stated in <u>Washington Post v. Robinson</u>, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings, but this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" <u>Id.</u> at 290 (quoting <u>Oregonian Pub. Co. v. United States Dist. Court</u>, 920 F.2d 1462, 1466 (9th Cir. 1990)).

3.      In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant.  A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

4.      Furthermore, the United States respectfully submits that complying with the normal notice requirements of <u>Washington Post</u> would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal, an Affidavit in Support of Criminal Complaint and Arrest Warrant, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest him. Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Complaint and Arrest Warrant.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrant, the Affidavit in Support of Criminal Complaint, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

Respectfully submitted,

MATTHEW GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052


By: */s/ Samantha R. Miller*

Samantha R. Miller
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office |
District of Columbia
Email: samantha.miller@usdoj.gov
Desk Tel: (202) 252-7014

Case 1:23-mj-00206-MAU   Document 3   Filed 08/17/23   Page 4 of 4